878 F.2d 381
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Edwin COOK, Petitioner-Appellant,
v.
Al C. PARKE, Warden; Attorney General of Kentucky,
Respondents-Appellees.
 No. 88-6381.
 United States Court of Appeals, Sixth Circuit.
 June 26, 1989.
 
 1
 Before NATHANIEL R. JONES and BOGGS, Circuit Judges, and JULIAN A. COOK, Jr., District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 William Cook moves for counsel and appeals from the district court's judgment dismissing his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus for failing to show cause and prejudice for his failure to raise all his claims in his RCr 11.42 motion, and for failing to establish that he received ineffective assistance of counsel.
 
 
 4
 Cook claimed that he inadvertently pled guilty after his trial attorneys erroneously informed him that he would serve his ten-year sentence concurrently with the federal armed bank robbery sentence he was then serving. He also claimed that his trial attorneys were ineffective because they failed to properly prepare his alibi defense, and that this coerced him into pleading guilty. After reviewing the respondent's motion to dismiss, Cook's reply, the magistrate's report and recommendation, and Cook's objections, the district court dismissed the petition.
 
 
 5
 Cook raises the same arguments on appeal.
 
 
 6
 Upon consideration, we conclude that the district court correctly dismissed the petition. A federal habeas corpus petition should be dismissed if it contains unexhausted issues and if remedies are still available for the petitioner to pursue at the state level. See Teague v. Lane, 109 S.Ct. 1060, 1067-68 (1989). The respondent asserts that Cook did not present his claim that he inadvertently pled guilty to the Kentucky appellate courts. Cook cannot now present this unexhausted claim to the state courts as a failure to state all grounds for holding the conviction or sentence invalid in a RCr 11.42 motion results in a bar to further collateral attack in the Kentucky courts. See Stamps v. Rees, 834 F.2d 1269, 1274 (6th Cir.1987), cert. denied, 108 S.Ct. 1279 (1988). Since Cook failed to present this claim at the state court level and is now barred from doing so, the claim can be addressed only if he shows cause and prejudice to excuse his failure to present the issue in state court. See Teague, 109 S.Ct. at 1068.
 
 
 7
 Cook failed to show cause and prejudice. He was represented by counsel on appeal from the denial of his 1977 motion to vacate sentence. He did not claim that ineffective counsel was the cause for failing to present his claim. In fact, he did not establish cause at all in his reply to the respondent's response. As a result, the district court correctly declined to address the merits of this issue.
 
 
 8
 Next, the district court correctly dismissed Cook's claim that he was denied effective assistance of counsel and, as a result, his guilty plea was invalid. To establish ineffective assistance of counsel, he must show that counsel's performance was deficient and, but for counsel's errors, he would not have pleaded guilty, but instead would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). The record reflects that Cook's attorneys fully advised him of his rights. Cook and his attorneys signed a Pre-Trial Disposition Sheet and a Waiver of Further Proceedings Upon Arraignment with Petition to Enter Plea of Guilty. Moreover, the guilty plea hearing transcript shows that Cook had two attorneys with him at the time he entered his plea, and that the court thoroughly questioned Cook to insure that he understood the consequences of his plea. Cook chose to plead guilty. This record reflects a full understanding of the consequences so that the plea represents a voluntary and intelligent choice among the alternatives. See North Carolina v. Alford, 400 U.S. 25, 31 (1970).
 
 
 9
 For these reasons, the motion for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., U.S. District Judge for the Eastern District of Michigan, sitting by designation